ROBERT L. GORDON, PLAINTIFF, v. HARRY DEWENDER, DEFENDANT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Charles Stockdell Gray.*

*Contra, Francis A. Gordon.*

PER CURIAM.

This suit was brought by the plaintiff to recover compensation for personal injuries and the pecuniary loss resulting from a collision between an automobile driven by the defendant and one in which the plaintiff was riding. The collision occurred on the Lincoln highway between Rahway and New Brunswick, at a point where the highway adjoins the side of the Pennsylvania Railroad Company's right of way. About the time of the collision one of the railroad company's trains came along, emitting a considerable amount of smoke and steam, thus obscuring to some extent the highway and persons traveling upon it, and the accident occurred upon that part of the highway thus obscured. The trial of the case resulted in a verdict in favor of the plaintiff, the jury awarding him $6,060. We are asked to set aside this award for two reasons: first, that the verdict of the jury was contrary to the charge of the court in relation to the obligations of the respective drivers; and, secondly, because the verdict is excessive.

In our opinion, the first contention is without merit. The instruction which the defendant asserts was disregarded by the jury is as follows: "When the vision of the driver of an automobile is obscured by a temporary obstruction, such as a cloud or a screen of smoke, or the like, then he is under the duty to use still greater care in the operation of his car and bound to reduce his speed, and to stop his car, if necessary, until the temporary obstruction has come to an end. This is to be measured by what any ordinarily prudent person would do under similar time, place and circumstances. We are required to use the judgment that an ordinarily prudent person would exercise under a similar emergency, and, if it so happens that there was a different line of conduct that could have been pursued that would not have had the result that was accomplished or effected, still we are not responsible if we have used reasonable judgment, the judgment ordinarily exercised by an ordinarily prudent person." The argument on the part of the defendant is that the verdict is contrary to the latter part of this instruction. But the whole instruction on this point should be taken together, and, so taken, the finding of the jury was in compliance with it.

As to the contention that the verdict is plainly excessive: our examination of the testimony relating to the character of the plaintiff's injuries and the pecuniary loss resulting therefrom satisfies us that this contention is well founded. If the plaintiff will consent to a reduction of his verdict to $4,000, he may enter judgment for that amount. Otherwise the rule to show cause will be made absolute.